## HUBBARD v. TODD.

COURT OF APPEALS, GALVESTON TERM, 1884.

1. *Practice—Variance.* In an action for damages arising out of a wrongful levy of extraordinary process, the amount of actual damages claimed was $600, and the amount awarded was $400, upon evidence showing, by items, the amount to be $473. Because the proof by items showed the value of some of the items to be in excess of the amount claimed, and in others less than the amount claimed, and yet not aggregating the amount claimed, though in excess of the amount awarded, it was objected that the proof failed because of failure of the *allegala* and the *probata* to correspond. Held, that the objection is futile.

2. *Pleading.* That "by reason of the premises, plaintiff represents that said property has been wholly lost to him," is an allegation in a petition sufficient to admit evidence of the deterioration in the quality and value of the property since the levy of the process. Plaintiff having alleged that his property was injured and claimed damages to the extent of his injuries was entitled to show that extent, and how it was occasioned; and if such manner evidenced that the injury was malicious and without probable cause, it was legitimate to be shown in support of exemplary damages.

3. *Practice.* Objection that the plaintiff was permitted to enter a remittitur on his judgment of $100, attorneys fees, is hypercritical.

4. *Charge of the court* was objected to because on the subject of damages the judge instructed the jury that they could not find in excess of the sums claimed, mentioning the sums, instead of telling the jury that they should not exceed the amounts claimed in the petition.

Appeal from Kaufman County.

Opinion by White, P. J., on motion for rehearing.

Appellee, as plaintiff below, brought this suit against appellant to recover damages, actual as well as exemplary, for the wrongful, illegal, malicious and oppressive suing out and levy of a distress warrant upon certain standing corn, potatoes, watermelons, cabbages and other products, setting out the value thereof and claiming title and possession of the same, on the 11th day of August, 1882, when defendant seized and dispossessed him of said property under said distress warrant.

The appellant, defendant below, presented in his amended original answer, filed March 20th, 1883, the following issues : 1st. General demurrer; 2nd, special exceptions to sufficiency of plaintiff's petition. 3rd, General denial. 4th, Special answer setting up all the proceedings had in the distress suit. 5th, Setting up in reconvention an offset in judgment in justices court in favor of defendant and against plaintiff for $176.15, besides costs, $35.00. 6th, Plea in estoppel; The plaintiff filed four special exceptions to defendant's amended

original answer and moved to strike out the same. The court sustained plaintiff's special exceptions to defendant's amended original answer Nos. 3 and 4 and over rules Nos. 1 and 2.

A verdict was rendered for plaintiff for "four hundred dollars actual damages; two hundred dollars for exemplary damages, and one hundred dollars for costs of suit and attorney fees as additional actual damages." The judgment was rendered according to the finding of the jury. The defendant made a motion for a new trial, which being overruled, he gave notice of appeal to the court of Appeals assigned errors and brought the case into this court by appeal.

Appellee, Todd, entered a *remittitur* upon his judgment for the $100 attorneys fee recovered by him. At the last Tyler term the case came up for hearing and without a written opinion this court affirmed the judgment, holding

"1. That the petition was sufficient and that the exceptions to it were properly overruled.

2. That if there was any error in sustaining exceptions 3 and 4 to defendant's answer, the error was immaterial and did not operate to defendant's injury.

3. That the charge of the court was in the main correct and contained no substantial error.

4. That there was no error in allowing the remittitur to be made.

5. That the evidence shows a wrongful and malicious suing out of the process (distress warrant) without probable cause."

These conclusions and findings by us were based upon the points made and relied on in the brief of appellant's counsel for a reversal of the judgment.

A motion for a rehearing was filed at the Tyler term upon the eve of our adjournment and was taken under advisement and was brought for hearing to this branch. This motion, and the able argument in support of it, are mainly devoted to two questions, not heretofore relied on, called specially to our attention. Under the general and fundamental rule of practice that the *allegata* and *probata* must meet and correspond, it is insisted that the plaintiff failed to make by proof the case as made by his allegations. In other words that in proving his items of damage, in some instances he proved a greater amount than he claimed in his petition, and as to other articles not as much as he claimed. To ascertain how far this objection is applicable we will state the damages claimed and then those

proven and see how the difference, if any, lies. The petition claims damages done :

| 26 acres of corn | $ 210, | proof shows damages | | | $325 |
|---|---|---|---|---|---|
| 3 stacks of hay | 100, | " | " | 2 stacks | 48 |
| 1 acre watermelons | 30, | " | " | 1 acre | 50 |
| ½ " sorghum | 40, | " | " | ½ acre | 15 |
| 3000 cabbages | 120, | " | " | 3000 cab's | 150 |
| 2 acres sweet potat's | 100, | " | " | 2 acres, | 50 |

Total, 600.                                   Total, 638.

Now because the proof shows $38 more than was claimed, therefore it is contended the judgment was wrong. Counsel has overlooked the fact that the verdict and judgment are for $400 actual damages, and not $638 or even $600, the amount claimed.

The question then is, has plaintiff proven within the bounds of his allegations, damages to the amount of $400, the sum recovered in actual damages. Where he has proven an excess, we will simply take what was claimed in the petition, and where he has proven less we will take that as the estimate. How then would the damages stand? According to our understanding it would be thus :

| 26 acres of corn, | damages, | $ 210 00 |
|---|---|---|
| 1 acre of watermelons, | " | 30 00 |
| 2 stacks of hay, | " | 48 00 |
| ½ acre of sorghum, | " | 15 00 |
| 3000 cabbages, | " | 120 00 |
| 2 acres sweet potatoes, | " | 50 00 |

Total,............................. .............$473 00

Making the damages legitimately proven, $473. Now the verdict for actual damages is but $400, or $73 less than the amount claimed and proven. We are unable to see any error in this regard.

But again it is urgently insisted that the court erred as shown by the 4th bill of exception in allowing plaintiff to introduce over objections, evidence to show the deterioration in the quality and value of the property levied on subsequent to the levy, because it is said there is no allegation in the petition warranting such proof. It is a sufficient answer to this position to quote from the petition, which, after stating the facts upon which plaintiff grounded his action, alleges that, "by reason of the premises, plaintiff represents that

said property has been wholly lost to him." Certainly this allegation is broad enough to let in proof of a partial loss and destruction of the property, if, as is apparent, it was sufficient to let in proof of a total loss. Plaintiff had unquestionably alleged that his property was injured and claimed damages to the extent of his injury. He had the right to show the extent of that injury, and how it had been occasioned. The manner by which it was occasioned could also be shown, if such manner evidenced the fact that the injury was malicious and without probable cause, and was legitimate in support of his plea for exemplary damages.

Objection is made that plaintiff was permitted to enter a remittitur of his judgment of $100 for attorney fees. This remittitur was entered in the court below, and we cannot see how it is possible that appellant could be injured by an effort on the part of appellee to correct the only error in the proceedings without forcing the appellant to the trouble and expense of an appeal to rectify it.

Another objection is urged against the charge of the court. The objection is more hypercritical than legal. As we understand the language objected to the court simply instructed the jury that in assessing their damages they should not exceed the sums claimed by plaintiff for the different characters of damage sustained by him. That the court mentioned the amount claimed instead of telling the jury that they would not exceed the amount for such damages in the petition, and leaving them to look to the petition to ascertain the amount thus claimed, we cannot think was calculated to mislead and direct the jurors' mind to, and in the direction of heavy damages.

We have given the record a thorough review in connection with the motion for rehearing and in the light of the ingenious and able argument of counsel in support of the motion, and we are constrained to say that we have again unable to find any reversable error in the proceedings of the trial in the court below, and believing as we do, that our former judgment of affirmance was in all things correct, the motion for rehearing is overruled.